1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ELBERT LEE VAUGHT, IV,

11            Plaintiff,                    No. 2: 10-cv-1558 KJN P

12        vs.

13    E. SANDOVAL, et al.,

14            Defendants.                   ORDER

15    _____/

16            Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17    pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to

18    28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19    and Local Rule 302.

20            Plaintiff has submitted a declaration that makes the showing required by

21    28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23    28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24    fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25    will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26    trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

2

1  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

3  as true the allegations of the complaint in question,  id., and construe the pleading in the light

4  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

5        Plaintiff alleges that defendants have denied his requests for a transfer to a

6  different prison.  Plaintiff sought the transfers so that he could be closer to his family.  Plaintiff

7  alleges that defendants have denied his requests because he has enemies at these prisons,

8  although plaintiff is willing to "waive" his enemy concerns.  Plaintiff also alleges that defendants

9  denied his transfer requests because plaintiff received a rules violation.  Plaintiff alleges that

10 when he received the rules violation, he was not told that it would affect his transfer requests.

11       Plaintiff has no right to be housed in or transferred to any particular prison.  Olim

12 v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976).  The

13 reasons given by defendants for denying plaintiff's transfer requests do not violate the

14 Constitution.  For these reasons, plaintiff has not stated a colorable claim for relief.  Accordingly,

15 the complaint is dismissed with leave to amend.

16       The court finds the allegations in plaintiff's complaint so vague and conclusory

17 that it is unable to determine whether the current action is frivolous or fails to state a claim for

18 relief.  The court has determined that the complaint does not contain a short and plain statement

19 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

20 policy, a complaint must give fair notice and state the elements of the claim plainly and

21 succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

22 allege with at least some degree of particularity overt acts which defendants engaged in that

23 support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of

24 Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will,

25 however, grant leave to file an amended complaint.

26       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

3

1  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

2  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

3  how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

4  unless there is some affirmative link or connection between a defendant's actions and the

5  claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

6  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

7  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

8  268 (9th Cir. 1982).

9  　　　　　In addition, plaintiff is hereby informed that the court cannot refer to a prior

10  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

11  an amended complaint be complete in itself without reference to any prior pleading.  This

12  requirement exists because, as a general rule, an amended complaint supersedes the original

13  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

14  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

15  amended complaint, as in an original complaint, each claim and the involvement of each

16  defendant must be sufficiently alleged.

17  　　　　　On July 16, 2010, plaintiff filed an "ex parte motion."  Plaintiff states that the

18  purpose of this document is to demonstrate administrative exhaustion.

19  　　　　　In accordance with the above, IT IS HEREBY ORDERED that:

20  　　　　　1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 10) is

21  granted.

22  　　　　　2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

23  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

24  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

25  Director of the California Department of Corrections and Rehabilitation filed concurrently

26  herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5.  Plaintiff's July 16, 2010, ex parte motion (Dkt. No. 8) is deemed resolved.

DATED:  August 5, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vaugh1558.14

5

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ELBERT LEE VAUGHT, IV,

11                  Plaintiff,                    No. 2: 10-cv-1558 KJN P

12          vs.

13   E. SANDOVAL, et al.,                    NOTICE OF AMENDMENT

14                  Defendants.

15   _____/

16                  Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____        Amended Complaint

19   DATED:

20

21                                      _____

22                                      Plaintiff

23

24

25

26

                                         6