IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELBERT LEE VAUGHT, IV,

        Plaintiff,                    No. 2: 10-cv-1558 KJN P

        vs.

E. SANDOVAL, et al.,

        Defendants.               ORDER

_____/

        Pending before the court is plaintiff's January 26, 2011 motion to strike portions of defendant's answer. On January 28, 2011, defendant filed an opposition. For the following reasons, plaintiff's motion is denied.

        Plaintiff generally objects to the section of defendant's answer denying violations his constitutional rights. Plaintiff also objects to defendant's affirmative defenses on grounds that they are without merit.

        Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or a matter of law. Security People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, at *2 (N.D.Cal. 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the

1

defense." <u>Wyshak v. City Nat. Bank</u>, 607 F.2d 824, 827 (9th Cir. 1979).  Although a defense need not include extensive factual allegations in order to give fair notice, <u>Security People, Inc.</u>, 2005 WL 645592, at *2, bare statements reciting mere legal conclusions may not be sufficient. <u>CTF Development, Inc. v. Penta Hospitality, LLC</u>, 2009 WL 3517617, at *7 (N.D. Cal. 2009).

A court may also strike matter in an answer that is immaterial or impertinent. Fed. R. Civ. Pro. 12(f).  Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)). Impertinent matter does not pertain, and is not necessary, to the issues in question.  <u>Id</u>.

After reviewing defendant's answer, the undersigned finds that as pled the affirmative defenses give plaintiff adequate notice of the defenses.  The undersigned also finds that the portions of defendant's answer addressing plaintiff's claims are neither immaterial nor impertinent.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to strike (Dkt. No. 29) is denied.

DATED:  February 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

va1558.str