IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELBERT LEE VAUGHT, IV,

      Plaintiff,                      No. 2: 10-cv-1558 KJN P

      vs.

E. SANDOVAL, et al.,             ORDER AND

      Defendants.             FINDINGS & RECOMMENDATIONS

_____/

I.    Introduction

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. This action, originally filed on June 21, 2010, is proceeding on the amended complaint filed August 25, 2010, as to defendant Villanueva.

        Pending before the court is defendant's February 10, 2011 motion to dismiss and to revoke plaintiff's in forma pauperis status on the grounds that plaintiff has incurred three prior strikes under 28 U.S.C. § 1915(g). For the following reasons, defendant's motion should be denied.

II.    Legal Standards

        Plaintiff may be subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g), which precludes a plaintiff from proceeding in forma pauperis absent a showing he is in

1

imminent danger of serious physical injury. The "three strikes" provision of the Prison Litigation Reform Act ("PLRA") requires a court to deny in forma pauperis status ("IFP") to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1] Thus, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]" Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The purpose of this rule is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); accord Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) ("Section 1915(g) does not prohibit prisoners from accessing the courts to protect their rights. Inmates are still able to file claims--they are only required to pay for filing those claims.").

"[T]he district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike. However, in many instances, the docket records will not reflect the basis for the dismissal. In these instances, the [court must examine] . . . court records or other documentation that will allow [it] to determine that a prior case was dismissed because it was 'frivolous, malicious or fail[ed] to state a claim.' § 1915(g)." Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005). In making this determination, the court is guided by the following:

> The PLRA does not define the terms "frivolous," or "malicious," nor does it define dismissals for failure to "state a claim upon which relief could be granted." We have held that the phrase "fails to state a claim on which relief may be granted," as used elsewhere in § 1915, "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (interpreting § 1915(e)(2)(B)(ii) and

---

[1] Section 1915(g) was enacted as part of the 1996 Amendments to the PLRA, Pub. L. No. 104-134, 110 Stat. 1321, § 804(d).

> employing the same de novo standard of review applied to Rule 12(b)(6) motions). Yet there is no Ninth Circuit case law on the 1996 Amendments to the PLRA that explains precisely what the terms "frivolous" or "malicious" mean. In defining these terms, we look to their "ordinary, contemporary, common meaning." Wilderness Soc'y v. United States Fish & Wildlife Serv., 353 F.3d 1051, 1060 (9th Cir. 2003) (en banc) (internal quotation marks and citations omitted). Thus, a case is frivolous if it is "of little weight or importance: having no basis in law or fact." Webster's Third New International Dictionary 913 (1993); see also Goland v. United States, 903 F.2d 1247, 1258 (9th Cir. 1990) (adopting a definition of "frivolous"). A case is malicious if it was filed with the "intention or desire to harm another." Webster's Third New International Dictionary 1367 (1993).

Andrews v. King, 398 F.3d at 1121; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

However, in forma pauperis status must be granted to a "three strikes plaintiff" who demonstrates that he or she is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Application of this exception requires that the complaint, liberally construed, plausibly allege that, at the time of filing the complaint, "prison officials continue with a practice that has injured [plaintiff ] or others similarly situated in the past." Andrews v. Cervantes, 493 F.3d at 1055, 1056-57 (citations omitted).

III.   Analysis

Defendant argues that plaintiff has four "strikes." In particular, defendant contends that plaintiff had two prior actions dismissed for failure to exhaust administrative remedies and two prior actions dismissed for failure to prosecute. The undersigned will first address the two prior actions dismissed for failure to prosecute.

In Vaught v. Attgalle et al., 2:06-6128 DOC E, the defendants filed a motion to dismiss on February 2, 2007. (Dkt. No. 32-5, at 75.) Plaintiff did not oppose the motion. (Id.)

3

1  On May 15, 2007, the magistrate judge recommended that the action be dismissed for plaintiff's
2  failure to prosecute. (Id., at 75-76.) The magistrate judge stated,

> This action should be dismissed without prejudice. Plaintiff has failed timely to file opposition to a potentially dispositive motion, despite a court order that he do so. The Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); see Fed. R Civ. P. 41(b); see also L.R. 7-12; Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.), cert. denied, 516 U.S. 838 (1995.)

(Id., at 76.)

On July 9, 2007, the district court adopted those findings and recommendations. (Id., at 78.)

In Vaught v. Ofoegbu, et al., 2:06-cv-6129 DOC E, defendants filed a motion to dismiss on March 19, 2007. (Dkt. No. 32-6, at 9.) Plaintiff did not oppose the motion. (Id., at 10.) On May 23, 2007, the magistrate judge recommended that the action be dismissed for plaintiff's failure to prosecute. (Id., at 10.) The findings and recommendations contained the same language quoted above as was contained in 2:06-6128 DOC E. (Id., at 10.) On July 10, 2007, the district court adopted those findings and recommendations. (Id., at 15.)

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g) as such dismissal is not equivalent to a dismissal on the grounds that an action is "frivolous, malicious, or fails to state a claim upon which relief may be granted." See Butler v. Department of Justice, 492 F.3d 440, 443 (D.C. Cir. 2007) (dismissal for failure to prosecute made without regard to merits of claim does not constitute strike); but see Ruff v. Ramirez, 2007 WL 4208286 *5 (S.D. Cal. 2007) (dismissal for failure to prosecute by itself is not within ambit of Section 1915(g); however, such dismissal qualifies as a strike when it is based upon plaintiff's failure to file amended complaint after court dismissed original complaint as frivolous and afforded plaintiff leave to amend.)

////

1        Both 2:06-6128 DOC E and 2:06-cv-6129 DOC E discussed above were
2 dismissed for plaintiff's failure to prosecute based on his failure to file oppositions to motions to
3 dismiss.  In neither case did the court rule on the merits of defendants' motion.  Other than
4 apparently finding that the complaints stated potentially colorable claims for relief in the service
5 orders, in neither case did the court make any other substantive ruling regarding the merits of
6 plaintiff's case.  For these reasons, those cases dismissed for failure to prosecute are not strikes
7 within the meaning of 28 U.S.C. § 1915(g).

8        Defendants also argue that two actions previously dismissed for failure to exhaust
9 administrative remedies are strikes pursuant to 28 U.S.C. § 1915(g), i.e. Vaught v. Corcoran
10 State Prison, et al., 1:99-cv-6676 AWI SMS; and Vaught v. Mina, 1:01-cv-6295 REC DLB.
11 Although the Ninth Circuit has not ruled on whether an action dismissed for failure to dismiss
12 administrative remedies counts as a strike, defendants argue that several other circuits have so
13 held.  In support of this claim, defendants cite Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir.
14 2004); Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003), overruled on
15 other grounds, Jones v. Bock, 549 U.S. 199 (2007); Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.
16 1998), overruled on other grounds, Jones v. Bock, 549 U.S. 199 (2007); and Patton v. Jefferson
17 Correctional Center, 136 F.3d 458, 460 (5th Cir. 1998).  At least two other circuits have found to
18 the contrary.  See Green v. Young, 454 F.3d 405, 406 (4th Cir. 2006) (finding dismissal for
19 failure to exhaust does not count as strike); Snider v. Melindez, 199 F.3d. 108, 115 (2nd Cir.
20 1999) (same).

21        The undersigned need not decide whether an action dismissed for failure to
22 exhaust administrative remedies is a strike under 28 U.S.C. § 1915(g) because of the finding that
23 the two actions dismissed for failure to prosecute are not strikes.  Because defendant has not
24 demonstrated that plaintiff has three strikes pursuant to 28 U.S.C. § 1915(g), his motion should
25 be denied.
26 ////

Had the undersigned found that plaintiff had three strikes, the appropriate remedy would have been to revoke plaintiff's in forma pauperis status and allow him to pay the filing pay. Only if plaintiff failed to pay the filing fee would dismissal have been warranted.

On March 21, 2011, plaintiff filed a motion for an extension of time to file an opposition to defendant's motion to dismiss. Court records indicate that on March 14, 2011 plaintiff filed an opposition. Accordingly, the motion for extension of time is denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (Dkt. No. 37) is denied;

2. The Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss and to revoke plaintiff's in forma pauperis status (Dkt. No. 32) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vaught.mtd