1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ELBERT LEE VAUGHT, IV,

11          Plaintiff,                    No. 2: 10-cv-1558 KJM KJN P

12      vs.

13   E. SANDOVAL, et al.,

14          Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17          Plaintiff is a state prisoner proceeding without counsel and in forma pauperis,

18   with an action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant's April

19   18, 2011 motion to dismiss filed on the grounds that plaintiff failed to exhaust administrative

20   remedies.  After carefully reviewing the record, the undersigned concludes that defendant's

21   motion to dismiss should be granted.

22          A.  Legal Standard re Exhaustion

23          The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e

24   to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

25   § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

26   facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

1   Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S.

2   516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of

3   confinement, whether they involve general circumstances or particular episodes, and whether

4   they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.

5          Exhaustion of all "available" remedies is mandatory; those remedies need not

6   meet federal standards, nor must they be "plain, speedy and effective."  Id. at 524; Booth v.

7   Churner, 532 U.S. 731, 740 n.5 (2001).  Even when the prisoner seeks relief not available in

8   grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Booth, 532

9   U.S. at 741.  A prisoner "seeking only money damages must complete a prison administrative

10  process that could provide some sort of relief on the complaint stated, but no money."  Id. at 734.

11  The fact that the administrative procedure cannot result in the particular form of relief requested

12  by the prisoner does not excuse exhaustion because some sort of relief or responsive action may

13  result from the grievance.  See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes

14  of exhaustion requirement include allowing prison to take responsive action, filtering out

15  frivolous cases, and creating administrative records).

16         A prisoner need not exhaust further levels of review once he has either received

17  all the remedies that are "available" at an intermediate level of review, or has been reliably

18  informed by an administrator that no more remedies are available.  Brown v. Valoff, 422 F.3d

19  926, 934-35 (9th Cir. 2005).  Because there can be no absence of exhaustion unless some relief

20  remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief

21  remained available, whether at unexhausted levels or through awaiting the results of the relief

22  already granted as a result of that process.  Brown, 422 F.3d at 936-37.

23         As noted above, the PLRA requires proper exhaustion of administrative remedies.

24  Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an

25  agency's deadlines and other critical procedural rules because no adjudicative system can

26  function effectively without imposing some orderly structure on the course of its proceedings."

2

1    Id. at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to

2    properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an

3    untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.

4            The State of California provides its prisoners the right to appeal administratively

5    "any departmental decision, action, condition or policy which they can demonstrate as having an

6    adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a) (2010).  It also provides

7    them the right to file appeals alleging misconduct by correctional officers and officials.  Id. at

8    § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner

9    must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal

10   on a 602 inmate appeal form; (3) second level appeal to the institution head or designee; and

11   (4) third level appeal to the Director of the California Department of Corrections and

12   Rehabilitation.  Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code

13   Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the

14   exhaustion requirement under § 1997e(a).  Id. at 1237-38.

15           Non-exhaustion under § 1997e(a) is an affirmative defense which should be

16   brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil

17   Procedure 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Moreover, the court

18   may look beyond the pleadings to determine whether a plaintiff exhausted his administrative

19   remedies.  Id. at 1119-20.

20           B.  Analysis

21           This action is proceeding on the first amended complaint filed August 25, 2010,

22   as to defendant Villanueva.  Plaintiff alleges that he was ordered transferred to the California

23   Substance Abuse Treatment Facility ("SATF") from High Desert State Prison ("HDSP") despite

24   having an enemy at SATF.  Plaintiff alleges that defendant Villanueva was involved in that

25   decision.

26   ////

3

1          Defendant argues that plaintiff did not file any administrative grievances

2 challenging his transfer on grounds of an alleged enemy at SATF.  Defendant states that while

3 plaintiff filed a grievance challenging his transfer on other grounds, he made no claims regarding

4 an enemy.  Plaintiff challenged his transfer on grounds that the classification committee applied

5 "underground regulations."  (Dkt. No. 39-3 at 30.)  Plaintiff also argued that his own behavior

6 should not have been used as a reason for the transfer.  (Id.)

7          In his opposition, plaintiff contends that he filed an appeal challenging his transfer

8 to SATF on the grounds raised in this action, but did not receive a response from prison officials.

9 Attached as an exhibit to plaintiff's opposition is a copy of the first level grievance plaintiff

10 claims prison officials did not respond to.  (Dkt. No. 40 at 12.)  In this grievance, plaintiff

11 challenged his transfer to SATF on grounds that he had a documented enemy.  (Id.)  However,

12 plaintiff signed this grievance on June 27, 2010.  (Id.)

13          Prisoners are required to exhaust their administrative remedies *prior to* filing suit.

14 Jones v. Bock, 549 U.S. 199, 211 (2007) (emphasis added.)  Plaintiff filed this action on June 21,

15 2010.  (Dkt. No. 1.)  At that time, plaintiff had not yet filed his first grievance challenging his

16 transfer on the grounds alleged in this action.  Even assuming prison officials did not respond to

17 the grievance filed by plaintiff on June 27, 2010, plaintiff filed this grievance after he filed this

18 action.  Because plaintiff did not exhaust his administrative remedies regarding the claims raised

19 in this action prior to filing this action, defendant's motion to dismiss should be granted.

20          In his opposition, plaintiff suggests that his earlier grievances challenging his

21 transfer were sufficient to exhaust the claims raised in this action.  The undersigned disagrees.

22 Plaintiff's earlier grievances challenging his transfer did not put prison officials on notice that he

23 was challenging his transfer on grounds that he had a potential enemy at SATF.  See Griffin v.

24 Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) ("'[A] grievance suffices if it alerts the prison to the

25 nature of the wrong for which redress is sought.'" (citation omitted)).

26 ////

1    Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to

2   dismiss for failure to exhaust administrative remedies (Dkt. No. 39) be granted.

3    These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5   one days after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8   objections shall be filed and served within fourteen days after service of the objections.  The

9   parties are advised that failure to file objections within the specified time may waive the right to

10  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:   May 6, 2011

12

13

_____
KENDALL J. NEWMAN
14  UNITED STATES MAGISTRATE JUDGE

15  vaught.dis

16

17

18

19

20

21

22

23

24

25

26